# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Marie Ashmus, | : | Case No. 1:06CV2364 |
| Plaintiff | : | |
| v. | : | Magistrate Judge David S. Perelman |
| Bay Village City School District Board of Education, et al., | : | **MEMORANDUM OPINION** |
| Defendants | : | |

This action, was instituted by the plaintiff Marie Ashmus "a retired Japanese-American female teacher, over the age of forty" against the Bay Village City School District Board of Education (hereinafter Board), Bay Village Teachers Association (hereinafter BVTA), and the State Teachers Retirement System of Ohio Board of Directors (hereinafter STRB),[1] alleging that she "was denied employment opportunities and discriminated against in the terms and conditions of her employment by the disparate and intentional practices of [the Board] and [the BVTA] due to plaintiff's age, gender, race and national origin and in retaliation for Plaintiff's pursuit of her rights under federal and state law," in violation of the Age Discrimination In Employment Act (ADEA), 29 U.S.C. §623 et seq., Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000(e) et seq., the Ohio Minimum Fair Wage Standards Act, Chapter 4111 of the Ohio Revised Code, the Ohio Fair Employment Practices Act, Chapter 4112 of the Ohio Revised Code, the common law of

---

[1] The shorthand designation adopted in the plaintiff's complaint for this defendant is "STRS".

Ohio and/or 42 U.S.C. §1983.  With regard to the three defendants the complaint alleges that the Board is an "employer" under the ADEA, Title VII and the Ohio statutes, that the plaintiff was a member of the BVTA and that "Defendant STRS is a named party for the purpose of ensuring that meaningful and complete relief can be granted to Plaintiff."

The action is now before this Court upon the motion of STRB "to dismiss or to sever the action and transfer the case against it to the United States District Court, Southern District of Ohio" (Doc. #10).

The basic operative facts alleged in the complaint start with the plaintiff retiring in 2003 from the Bay Village City School District after having taught in that system for twenty-nine years, her last position being as a kindergarten teacher.  She then became re-employed as a half-time substitute teacher for the 2003-2004 and 2004-2005 school years.  Near the end of that second school year the plaintiff learned that the teacher for whom she had been substituting would not be returning, so that the position would become a permanent opening, and she applied for that full-time position.

It is then alleged that after she applied she learned that Mr. Clinton Keener, the Superintendent of the Bay Village School District was against the rehiring of retired teachers, and that when she met with him in May 2005 he "stated that he did not agree with the practice of hiring retired teachers and would only do so if the retired teacher had a quality that no younger applicant had," and that when she "cited her wealth of experience as a teacher, her educational and professional achievements and her status as the only minority teacher in the school district" he responded that "these qualifications were 'nothing'."

The complaint next alleges that thereafter the position the plaintiff sought was awarded to "a younger, less qualified Caucasian applicant" and that she has also applied for several other

2

permanent positions which "were awarded to younger Caucasian applicants," but acknowledges that in August 2005 she was hired as a long-term substitute and as the Kindergarten Grade Level Coordinator under a supplemental one-year contract.

It appears that she has not been employed by the Board since then, as paragraph 28 of the complaint alleges "Plaintiff subsequently applied for any open position in the school district within her certification (K through 8). Plaintiff's applications for several such positions in the district were denied. In each case, the individual hired was younger and Caucasian, and had not filed a charge of discrimination against the school district."

It is then alleged that "Plaintiff's contractual status and subsequent non-renewals were all done pursuant to the discriminatory policies embodied in Section 6.012 of the Memorandum of Agreement (hereinafter MOA) executed by the Board of Education and Defendant BTA and in place during all relevant times" and that such section "states in pertinent part that a teacher retired under STRS (hereinafter "reemployed [sic] teacher") is eligible for employment under a one year contract only, which will be automatically non-renewed at the end of the contract year; that a reemployed [sic] teacher is not eligible for continuing contract status during any period of employment with Defendant Board of Education; that the reemployed [sic] teacher is subject to placement on the salary schedule of experience of 5 years and a maximum education credit of Master's Degrees; and, *inter alia*, that the reemployed [sic] teacher is not afforded other rights and benefits equal to that of a non-reemployed [sic] teacher."

As the action is pending on the motion of STRB to dismiss only the claim for relief against it will be set out, that being:

3

### COUNT SEVEN: DISCRIMINATION BASED UPON AGE IN VIOLATION OF STATE AND FEDERAL LAW

64. Plaintiff incorporates as if fully rewritten herein the allegations contained in paragraphs 1 through 63 of Plaintiff's Complaint.

65. Defendant STRS discriminated against Plaintiff on the basis of her age in violation of state and federal law by subjecting her to less beneficial retirement benefits than similarly-situated younger members.

66. Specifically, retired remembers who are reemployed [sic] by a public school district are required by Defendant STRS to continue to make contributions into the retirement fund. Employers are also required to contribute to the retirement fund on behalf of the retired, reemployed [sic] teacher. Upon subsequent retirement, however, such members receive credit for only 50% of the employer contributions made on their behalf after July 1, 2005, while younger, non-retired members receive 100% credit for the employer contribution.

67. The practices and policies of Defendant SRS disparately impact persons over the age of 40 in violation of the ADEA in that retired teachers who are reemployed [sic] receive less benefits than non-retired, younger teachers.

68. As a result of Defendant STRS's discriminatory actions, Plaintiff has suffered damages including without limitation loss of future benefit, the expense of attorney's fees, and emotional distress, in excess of Twenty-Five Thousand Dollars ($25,000.00).

Although this claim is captioned as based upon "state and federal law," and there is a general reference in paragraph 65 to "state and federal law" paragraph 67 specifically alleges that the challenged practices and policies of STRB "disparately impact persons over the age of 40 in violation of the ADEA." As there is no specific provision of Ohio law identified as a basis for the claim advanced in Count Seven, for the purpose of defendant's motion this Court considers it as only advancing a claim under the ADEA.

4

In its motion defendant STRB first maintains that this Court should "dismiss Plaintiff's federal ADEA claim without prejudice, for the Eleventh Amendment divests this Court of subject matter jurisdiction over that claim."[2]  It is next contended, in the alternative, that the complaint should be dismissed with prejudice for the reason that "Each cause of action asserted against Defendant STRB necessarily requires the existence of an underlying employment relationship. However, because the face of Plaintiff's complaint makes clear that she was not an employee of Defendant STRB, but instead is a member of the State Teachers Retirement System, her employment claims against Defendant STRB fail to state a claim upon which relief can be granted."

This Court believes that the defendant is right on both propositions.

The question of STRB's status is one of state law, and under Ohio law it is considered to be "an instrumentality of the state."  See, In Re Ford, 3 Ohio App.3d 416, 418 (1982).  As such it has Eleventh Amendment immunity.  Cf. Ernst v. Rising, 427 F.3d 351 (6th Cir. 2005).  See also, Longstreet v. State of Ohio, Industrial Commission, unreported, Case No. 1:05CV1749 (N.D.Oh., Polster, J.) slip opinion December 5, 2005, p. 4.  This being so, this federal court lacks subject matter jurisdiction, and any remedy the plaintiff may have must come from the Ohio Court of Claims.

If this Court had subject matter jurisdiction the plaintiff's ADEA claim would, nevertheless, be subject to dismissal.  The ADEA only applies to alleged acts of discrimination on the part of an employer.  It is crystal clear that the plaintiff was not employed by STRB, and the arguments advanced by plaintiff in this regard, seeking to morph STRB from a party joined for "the purpose

---

[2] In defendant's brief this is followed by "Further, in the absence of any basis of original jurisdiction, defendant STRB respectfully requests this Court to decline to exercise supplemental jurisdiction over Plaintiff's state law claim."  As this Court does not perceive any state law claim against STRB under the relevant portion of plaintiff's complaint this contingency need not be addressed, but as a general proposition this Court is loathe to exercise supplement jurisdiction over state law claims in cases in which the primary federal question basis for subject matter jurisdiction fails.

of insuring that meaningful and complete relief can be granted to Plaintiff" to an employer notwithstanding the absence of any allegation in the complaint that an employer-employee relationship existed between STRB and the plaintiff, are unavailing.

Plaintiff's motion to dismiss without prejudice for want of subject matter jurisdiction is granted.

                                                    s/DAVID S. PERELMAN
                                                    United States Magistrate Judge

DATE:    January 9, 2007