UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Marie Ashmus, | : | Case No. 1:06CV2364 |
|           Plaintiff | : | |
| v. | : | Magistrate Judge David S. Perelman |
| Bay Village School District Board of Education, et al., | : | **MEMORANDUM OPINION** |
|           Defendants | : | |

This action is before the Court on the motion of Defendant Bay Village Teachers' Association ("BVTA")[1] for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, as well as a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff, Marie Ashmus, "a retired Japanese-American female teacher, over the age of forty," initiated this action on September 28, 2006 against the defendants Bay Village School District Board of Education ("School Board"), BVTA, and State Teachers Retirement System

---

[1]The BVTA is an employee organization, defined in Ohio Revised Code §4117.01(D) as "any labor or bona fide organization in which public employees participate and that exists for the purpose, in whole or in part, of dealing with public employers concerning grievances, labor disputes, wages, hours, terms, and other conditions of employment."

1

("STRS"), alleging that she had been denied employment opportunities and discriminated against based on her age, race and national origin, and in retaliation for the pursuit of her rights under federal and state law, in violation of the federal Age Discrimination In Employment Act of 1967 (ADEA), 29 U.S.C. §621 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e), et seq., the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code Sections 4111, et seq., and the Ohio Fair Employment Practices Act, Ohio Revised Code Sections 4112, et seq., "and/or 42 U.S.C. §1983."

On January 9, 2007 this Court granted the motion of STRS to dismiss for lack of subject matter jurisdiction. The following factual summary appeared in that opinion:

> The basic operative facts alleged in the complaint start with the plaintiff retiring in 2003 from the Bay Village City School District after having taught in that system for twenty-nine years, her last position being as a kindergarten teacher. She then became re-employed as a half-time substitute teacher for the 2003-2004 and 2004-2005 school years. Near the end of that second school year the plaintiff learned that the teacher for whom she had been substituting would not be returning, so that the position would become a permanent opening, and she applied for that full-time position.
>
> It is then alleged that after she applied she learned that Mr. Clinton Keener, the Superintendent of the Bay Village School District was against the rehiring of retired teachers, and that when she met with him in May 2005 he "stated that he did not agree with the practice of hiring retired teachers and would only do so if the retired teacher had a quality that no younger applicant had," and that when she "cited her wealth of experience as a teacher, her educational and professional achievements and her status as the only minority teacher in the school district" he responded that "these qualifications were 'nothing'."
>
> The complaint next alleges that thereafter the position the plaintiff sought was awarded to "a younger, less qualified Caucasian applicant" and that she has also applied for several other permanent positions which "were awarded to younger Caucasian applicants,"

2

>but acknowledges that in August 2005 she was hired [for the 2005-2006 school year] as a long-term substitute and as the Kindergarten Grade Level Coordinator under a supplemental one-year contract.
>
>It appears that she has not been employed by the Board since then, as paragraph 28 of the complaint alleges "Plaintiff subsequently applied for any open position in the school district within her certification (K through 8). Plaintiff's applications for several such positions in the district were denied. In each case, the individual hired was younger and Caucasian, and had not filed a charge of discrimination against the school district."
>
>It is then alleged that "Plaintiff's contractual status and subsequent non-renewals were all done pursuant to the discriminatory policies embodied in Section 6.012 of the Memorandum of Agreement (hereinafter MOA) executed by the Board of Education and Defendant BTA and in place during all relevant times" and that such section "states in pertinent part that a teacher retired under STRS (hereinafter "reemployed [sic] teacher") is eligible for employment under a one year contract only, which will be automatically non-renewed at the end of the contract year; that a reemployed [sic] teacher is not eligible for continuing contract status during any period of employment with Defendant Board of Education; that the reemployed [sic] teacher is subject to placement on the salary schedule of experience of 5 years and a maximum education credit of Master's Degrees; and *inter alia*, that the reemployed [sic] teacher is not afforded other rights and benefits equal to that of a non-reemployed [sic] teacher."

A Rule 12(c) motion for judgment on the pleadings is determined by applying the same standards as are applied to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted. Such a motion is to be granted if, accepting the allegations in the complaint as true and construing them liberally in favor of the plaintiff, the complaint fails to allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1974 (2007). Claims alleged must be "plausible," not merely "conceivable." Ibid. Legal conclusions are neither to be accepted as true nor liberally construed. U.S. v. Krysa, 2000 U.S.Dist. LEXIS 19175, *7 (N.D.Ohio November 16, 2000) (Judge Patricia

A. Gaughan). See also, Disabled Patriots of America, Inc. v. Lane Toledo, Inc., 325 F.Supp.2d 837, 838-39 (N.D.Ohio) (Judge James G. Carr). Absent an allegation pertaining to a necessary element of the claim raised, dismissal is warranted. Ibid, citing Craighead v. E.F.Hutton & Co., 899 F.2d 485 (6th Cir. 1990).

The claims advanced against the BVTA are contained in Counts Five and Six of the complaint.

Count Five (Failure of Duty to Represent in Violation of Chapter 4112 of the Ohio Revised Code) alleges in pertinent part:

> Paragraph fifty-six: Defendant BTA has a duty to fairly represent all members of its bargaining unit, including Plaintiff, pursuant to Chapter 4112 of the Ohio Revised Code.
>
> Paragraph fifty-seven: Defendant BTA failed to fairly represent Plaintiff by, *inter alia*, negotiating and agreeing to Section 6.012 of the MOA which discriminates against persons over the age of 40 and by refusing to represent Plaintiff in her pursuit of equal, non-discriminatory treatment by Defendant Board of Education.
>
> Paragraph fifty-eight: The wrongful conduct of Defendant BTA violates O.R.C. Section 4111.17 and Chapter 4112 of the Ohio Revised Code.

Count Six (Discrimination Based Upon Age, Race and/or National Origin in violation of Chapter 4112 of the Ohio Revised Code) alleges in pertinent part:

> Paragraph sixty-one: Defendant BTA has discriminated against Plaintiff by failing to fairly represent her because of her age, race and/or national origin. Specifically, Defendant BTA has discriminated against Plaintiff by, *inter alia*, negotiating and agreeing to Section 6.012 of the MOA which discriminates against persons over the age of 40 and by refusing to represent Plaintiff in her pursuit of equal non-discriminatory treatment by Defendant Board of Education.
>
> Paragraph sixty-two: The wrongful conduct of Defendant BTA

violates Chapter 4112 of the Ohio Revised Code.

Defendant BVTA argues that these claims that plaintiff's union failed in its duty to fairly represent her, based entirely upon state law, can only be brought before the Ohio State Employment Relations Board ("SERB"), and not in the courts. For the following reasons, this Court agrees.

The BVTA's duty to fairly represent its members derives from Section 4117 of the Ohio Revised Code, particularly §4117.11(B)(6), which provides in pertinent part:

> It is an unfair labor practice for an employee organization, its agents, or representatives, or public employees to:
>
> \* \* \* \* \*
>
> (6) Fail to fairly represent all public employees in a bargaining unit.

The Ohio Supreme Court has clearly held that SERB, and not the courts, has exclusive jurisdiction to resolve issues of unfair representation brought by a member of an employee organization as defined in Ohio Revised Code §4117.01(D). State ex rel. Ohio Department of Mental Health v. Nadel, 98 Ohio St.3d 405, 786 N.E.2d 49 (2003); State ex rel. Fraternal Order of Police v. Court of Common Pleas of Franklin County, 76 Ohio St.3d 287, 667 N.E.2d 929 (1996). See also, Consolo v. City of Cleveland, 103 Ohio St.3d 362, 815 N.E.2d 1114 (2004). The court in Nadel specifically held that allegations of breach of duty of fair representation "fall[] solely within the exclusive jurisdiction of SERB." State ex rel. Ohio Department of Mental Health v. Nadel, supra at 410.

Turning to the present case, the gist of plaintiff's claims is that her union failed to fairly represent her while negotiating and agreeing to Section 6.012 of the MOA, *which in turn* is a discriminatory provision. Such alleged failure to represent her plainly falls within the exclusive

jurisdiction of SERB, and not within the jurisdiction of this federal court.

As an alternative position, the BVTA also maintains that the claims against it asserted in Counts Five and Six of the complaint are barred by the applicable statute of limitations, a proposition with which this Court also agrees.

Plaintiff's claim that her union failed to represent her while negotiating and agreeing to Section 6.012 of the MOA accrued prior to her retirement in the summer of 2003, the time when that provision became applicable to her.  Even construing the facts in a light most favorable to the plaintiff, the alleged wrongdoing would have undoubtedly been made known to her by June of 2004, the time of the first non-renewal of her teaching contract pursuant to Section 6.012.

Count Five alleges that the union's actions violated Section 4111.17 of the Ohio Revised Code, which bears a one-year limitations period in subsection (E) for actions to enforce its provisions.  Clearly this case, which was filed in September of 2006, was filed outside the one-year limitations period even if the June 2004 date is relied on as the time the cause of action accrued.[2]

As regards plaintiff's claims that the BVTA's actions violated Section 4112 of the Ohio Revised Code, the parties agree that plaintiff's claims brought under Section 4112.02 are subject to a two-year statute of limitations, but disagree as to when the action accrued.

The plaintiff contends that it accrued "when she actually suffered wrongful discrimination resulting in damage to her."  However, this Court has already determined that plaintiff's cause of action accrued at least at the time of her first non-renewal in June of 2004.

This Court is not convinced otherwise by plaintiff's assertion that the limitations period

---

[2]It must also be noted that this section addresses actions of "employers" as regards their "employees," which is not the relationship between plaintiff and the BVTA, and that it further provides that it is the director of commerce who is charged with its enforcement, as opposed to the individual employees affected by violations of its terms.

began to run each time Section 6.012 was applied to her, for which she relies on <u>Havens Realty Corp. v. Coleman</u>, 455 U.S. 363, 380-381 (1982), a case which was brought under Section 812(a) of the Fair Housing Act, 42 U.S.C. §3612(a), rendering it entirely inapplicable to the claims raised in the instant case. Nor is this Court favorably impressed by the plaintiff's statement that she "filed a charge against Defendant BTA on October 26, 2005....[which was] well within the two-year time period when Plaintiff suffered damage as a result of the enforcement of provisions of the MOA." What she neglects to include within that argument is that under Section 4112.05(B)(1) she was required to file an unfair labor practice charge with SERB within six months after the alleged unlawful discriminatory practice was committed.

For each of the foregoing reasons, the motion of defendant BVTA for judgment on the pleadings and to dismiss the claims against it will be granted.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:   August 23, 2007